# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

JERMAINE LAYTON CARTER,  :
            :
  Plaintiff,       :
            :
  v.          : Civ. No. 18-1037-CFC
            :
JENNIFER BIDDLE, et al.,    :
            :
  Defendants.      :
            :

Jermaine Layton Carter, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

January 3, 2019
Wilmington, Delaware

**CONNOLLY, U.S. District Judge:**

I. **INTRODUCTION**

Plaintiff Jermaine Layton Carter ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a). Plaintiff has also filed a motion for default judgment. (D.I. 9)

II. **BACKGROUND**

Plaintiff alleges that he is always labeled as a serial rapist, child molester, snitch, and gay person by prison staff and inmates and is always receiving inmate threats. He was told by prison staff that protective custody was not available. Plaintiff states that he is now housed in a single cell in the Security Housing Unit and "it appears to be safe an[d] not safe from prison staff who be unpredictable with the transfers to place [Plaintiff] inside the cell with the wrong inmate or out on recreation with the wrong inmates who pose . . . a threat." (D.I. 1 at 6) Plaintiff also thinks that it is "not safe" inside his unit "from the way [his] cell was open by prison staff on numerous occasions along with other inmate cells open" "whether it was intentional or accidental." (*Id.*)

Plaintiff has exhausted his administrative remedies. He has named Defendants Bureau of Prison Bureau Administrative Chief Jennifer Biddle ("Biddle"), Deputy Bureau

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

Chief Shane Troxler ("Troxler"), and Bureau Chief Steven Wesley ("Wesley") as defendants, and alleged that they are responsible for the policy "that has a way for [Plaintiff] to sign on protective custody from the way [he is] looked upon as a vulnerability and for each of Defendants to show how they enforce the policy." (*Id.* at 7)

Defendants are sued in their official capacities. Plaintiff seeks injunctive relief.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional"

2

factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF*

*Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, \_\_U.S.\_\_, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

It is clear from Plaintiff's allegations that Defendants are named based upon their supervisory positions. It is well established that claims based solely on the theory of respondeat superior or supervisor liability are facially deficient. *See Ashcroft*, 556 U.S. at 676-77; *see also Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir. May 8, 2009) ("[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior"). The Complaint does not allege any direct or personal involvement by any of the defendants

4

other than in their capacities as supervisors/administrators at the VCC. Plaintiff's claims rest impermissibly upon a theory of supervisory liability and, therefore, must be dismissed as frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

Finally, there are no allegations that Plaintiff's exposure to other inmates caused him any serious or significant harm or that Defendants acted with deliberate indifference to a substantial risk of harm. *See Carter v. Hegganstaller*, 588 F. App'x 200, 201 (3d Cir. 2014) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Notably, Plaintiff sought housing in the Security Housing Unit, and he is housed there in a single cell.

Therefore, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Since it is plausible that Plaintiff may be able to state a claim against Defendants or name alternative defendants, he will be given leave to amend.

Plaintiff's motion for default judgment will be denied as premature. (D.I. 9)

## V.  CONCLUSION

For the above reasons, the Court will: (1) dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1); and (2) deny as premature the motion for default judgment (D.I. 9). Plaintiff will be given leave to amend his Complaint.

An appropriate order will be entered.

5